UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MICHAEL FRANCHINO,

                    Plaintiff,

                                                    15-CV-06299 (VLB)

          - against -

THE ROMAN CATHOLIC ARCHDIOCESE OF
NEW YORK, d/b/a ARCHCARE,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# MEMORANDUM OF LAW IN SUPPORT OF
# ARCHCARE'S MOTION TO DISMISS THE COMPLAINT

## **TABLE OF CONTENTS**

**Page**

FACTS ALLEGED IN THE COMPLAINT ...................................................... 1

STANDARD OF REVIEW ...................................................................... 2

ARGUMENT ....................................................................................... 4

POINT I      THE COMPLAINT FAILS TO STATE PLAUSIBLE
             DISCRIMINATION CLAIMS .................................................4

    A.      Plaintiff's Discrimination Claims Are Conclusory And Must Be
             Dismissed ..........................................................................4

    B.      Plaintiff Has Failed To Plead A Plausible Claim Of Discriminatory
             Discharge .........................................................................12

    C.      The Complaint Fails To Allege A Plausible Claim For Age
             Discrimination...................................................................14

        1.      The Complaint Fails To Allege Plaintiff's Age Was The
                     "But For" Cause Of His Termination ............................14

        2.      The Fact That Plaintiff Was Hired When He Was 61 Years
                     Old Undermines His Age Discrimination Claim ...........16

POINT II     THE COMPLAINT FAILS TO PLEAD A PLAUSIBLE
             RETALIATION CLAIM ......................................................18

    A.      Plaintiff's Retaliation Claims Must Be Dismissed For Failure To
             Exhaust Administrative Remedies...........................................18

    B.      Plaintiff's ADA Retaliation Claim Fails As A Matter Of Law .................21

    C.      Plaintiff's Title VII Retaliation Claim Fails As A Matter Of Law ...........22

POINT III    THE COMPLAINT FAILS TO PLEAD A PLAUSIBLE CLAIM
             FOR BREACH OF CONTRACT .............................................23

CONCLUSION.................................................................................. 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S. Ct. 1937 (2009)...............................................................2, 3

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)................................................................................................2

*Ben-Levy v. Bloomberg,*
   518 Fed. Appx. 17 (2d Cir. 2013)........................................................................14

*Benyard v. White Plains Hosp. Med. Ctr.,*
   2013 U.S. Dist. LEXIS 161752 (S.D.N.Y. 2013)................................................15

*Bernadotte v. NY Hosp. Med. Ctr. of Queens,*
   2014 U.S. Dist. LEXIS 26115 (E.D.N.Y. 2014)..................................................21

*Betancourt v. City of N.Y. HRA/DSS,*
   2007 U.S. Dist. LEXIS 74934 (S.D.N.Y. 2007)..................................................15

*Bhanusali v. Orange Reg'l Med. Ctr.,*
   2013 U.S. Dist. LEXIS 113974 (S.D.N.Y. 2013)................................................12

*Brennan v. Bausch & Lomb,*
   950 F. Supp. 545 (E.D.N.Y. 1997) ......................................................................17

*Brown v. Daikin Am., Inc.,*
   756 F.3d 219 (2d Cir. 2014).................................................................................12

*Burke v. Gutierrez,*
   2006 WL 89936 (S.D.N.Y. 2006).........................................................................19

*Butts v. City of N.Y. Dep't of Housing Pres. and Dev.,*
   990 F.2d 1397 (2d Cir. 1993)...............................................................................19

*Coleman v. Brokers Express, LLC,*
   2009 WL 275474 (S.D.N.Y. 2009).........................................................................7

*Dellaporte v. City Univ. of N.Y.,*
   998 F. Supp. 2d 214 (S.D.N.Y. 2014)..................................................................19

*Deravin v. Kerik,*
   335 F.3d 195 (2d Cir. 2003).............................................................................18, 19

*DeSantis v. Deutsche Bank Trust Co. Americas, Inc.,*
   501 F. Supp. 2d 593 (S.D.N.Y. 2007)..................................................................25

130623.1 10/27/2015

*Ellis v. Delphi Corp.*,
    2009 U.S. Dist. LEXIS 102168 (S.D.N.Y. 2008) .................................................15

*Foray v. Bell Atl.*,
    56 F. Supp. 2d 327 (S.D.N.Y. 1999) .............................................................13

*Foster v. Humane Soc'y of Rochester and Monroe County, Inc.*,
    724 F. Supp. 2d 382 (W.D.N.Y. 2010) .........................................................12

*Foxworth v. Am. Bible Soc'y*,
    2005 WL 1837504 (S.D.N.Y. 2005) ...........................................................20

*Grant v. County of Erie*,
    542 Fed. Appx. 21 (2d Cir. 2013) ...............................................................23

*Gundlach v. IBM, Japan*,
    2012 WL 1520919 (S.D.N.Y. 2012) ...........................................................17

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009) ..........................................................................3

*Hawkins v. 1115 Legal Services Care*,
    163 F.3d 684 (2d Cir. 1998) ........................................................................19

*Henry v. N.Y.C. Health & Hosp. Corp.*,
    18 F. Supp. 3d 396, 408 (S.D.N.Y. 2014) ...................................................14

*Hill v. Phillip Morris USA*,
    2004 WL 1065548 (S.D.N.Y. 2004) ...........................................................10

*Hodge v. Sidorowicz*,
    2010 U.S. Dist. LEXIS 142308 (S.D.N.Y. 2010) .......................................15

*Holowecki v. Fed. Express Corp.*,
    644 F. Supp. 2d 338 (S.D.N.Y. 2009) .........................................................12

*Hu v. UGL Servs. Unicco Operations Co.*,
    2014 U.S. Dist. LEXIS 145552 (S.D.N.Y. 2014) .......................................15

*Hussey v. NYS Dep't of Law*,
    933 F. Supp. 2d 399 (E.D.N.Y. 2013) .........................................................4

*James v. Federal Reserve Bank of N.Y.*,
    2005 U.S. Dist. LEXIS 43493 (E.D.N.Y. 2005) .........................................21

*Kajoshaj v. N.Y. City Dep't of Educ.*,
    543 Fed. Appx. 11 (2d Cir. 2013) ...............................................................2

*Karmilowicz v. Hartford Fin. Servs. Group*,
  2011 U.S. Dist. LEXIS 77481 (S.D.N.Y. 2011)................................................24, 25

*Liburd v. Bronx Lebanon Hosp. Ctr.*,
  2008 U.S. Dist. LEXIS 62867 (S.D.N.Y. 2008)................................................12, 16

*Licatesi v. Servisair*,
  2009 U.S. Dist. LEXIS 126032 (E.D.N.Y. 2009)................................................22

*Lindner v. IBM Corp.*,
  2008 WL 2461934 (S.D.N.Y. 2008)................................................15

*Mathon v. Feldstein*,
  303 F. Supp. 2d 317 (E.D.N.Y. 2004)................................................10

*Maysonet v. Citi Group, Inc.*,
  2011 WL 476610 (S.D.N.Y. 2011)................................................17

*Mehrhoff v. William Floyd Sch. Dist.*,
  2005 WL 2077292 (E.D.N.Y. 2005)................................................7

*Meyer v. William Floyd Sch. Dist.*,
  2009 WL 3327208 (E.D.N.Y. 2009)................................................4

*Mohawk v. William Floyd Sch. Dist.*,
  2014 U.S. Dist. LEXIS 27621 (E.D.N.Y. 2014)................................................3, 5, 6, 11

*Morris v. David Lerner Assocs.*,
  680 F. Supp. 2d 430 (E.D.N.Y. 2010)................................................20

*Muhammad v. N.Y.C. Transit Auth.*,
  450 F. Supp. 2d 198 (S.D.N.Y. 2006)................................................15

*Ochei v. The Mary Manning Walsh Nursing Home Co.*,
  2011 WL 744738 (S.D.N.Y. 2011)................................................9, 11, 23

*Perry v. Dep't of Labor*,
  2009 WL 2575713 (S.D.N.Y. 2009)................................................9

*Perry v. Sony Music*,
  462 F. Supp. 2d 518 (S.D.N.Y. 2006)................................................5

*Poklitar v. CBS, Inc.*,
  652 F. Supp. 1023 (S.D.N.Y. 1987)................................................24, 25

*Porter v. Texaco, Inc.*,
  985 F. Supp. 380 (S.D.N.Y. 1997)................................................20

iv

*Proud v. Stone,*
  945 F.2d 796 (4th Cir. 1991) ...................................................................................18

*Reyes v. City Univ. of N.Y.,*
  2007 WL 2186961 (S.D.N.Y. 2007)..........................................................................4

*Reyes v. Erickson,*
  238 F. Supp. 2d 632 (S.D.N.Y. 2003)........................................................................9

*Rodriguez v. Verizon Telecom,*
  2014 U.S. Dist. LEXIS 167833 (S.D.N.Y. 2014)..........................................9, 21, 22

*Ruotolo v. City of N.Y.,*
  2008 WL 313795 (2d Cir. 2008)................................................................................3

*Russo v. Banc of Am. Sec., LLC,*
  2007 U.S. Dist. LEXIS 47903 (S.D.N.Y. 2007).......................................................24

*Sangi v. Warren Hosp.,*
  2011 WL 4857933 (D.N.J. 2011) .............................................................................12

*Smith v. Local 819 I.B.T. Pension Plan,*
  291 F.3d 236 (2d Cir. 2002).......................................................................................3

*Sternkopf v. White Plains Hosp.,*
  2015 U.S. Dist. LEXIS 129996 (S.D.N.Y. 2015).................................................19, 20

*Sundaram v. Brookhaven Nat'l Labs.,*
  424 F. Supp. 2d 545 (E.D.N.Y. 2006) ......................................................................19

*Sweeney v. City of N.Y.,*
  2004 U.S. Dist. LEXIS 6263 (S.D.N.Y. 2004)..........................................................13

*Tamayo v. City of N.Y.,*
  2003 WL 21448366 (S.D.N.Y. 2003).......................................................................10

*Thompson v. Tom Vazquez Janitorial,*
  2006 U.S. Dist. LEXIS 85931 (E.D.N.Y. 2006)........................................................11

*TZ Manor, LLC v. Daines,*
  2011 U.S. Dist. LEXIS 109597 (S.D.N.Y. 2011).......................................................3

*Uhlein v. County of Jefferson,*
  2005 WL 928619 (N.D.N.Y. 2005) ..........................................................................10

*Univ. of Texas Southwestern Med. Cent. v. Nassar,*
  133 S. Ct. 2517 (2013)..............................................................................................23

130623.1 10/27/2015

*Vale v. Great Neck Water Pollution Control Dist.*,
   80 F. Supp. 3d 426, 438-39 (E.D.N.Y. 2015) ...................................................................21

*Valle v. Bally Total Fitness*,
   2003 WL 22244552 (S.D.N.Y. 2003) ...............................................................................10

*Vega v. Hempstead Union Free Sch. Dist.*,
   2014 U.S. Dist. LEXIS 71302 (E.D.N.Y. 2014) ..............................................................13

*Waterman v. Register.com, Inc.*,
   2005 WL 2759825 (S.D.N.Y. 2005) ................................................................................20

*Watts v. Serv. for the Underserved*,
   2007 WL 1651852 (E.D.N.Y. 2007) ..................................................................................9

*Whyte v. Contemporary Guidance Svcs.*,
   2004 U.S. Dist. LEXIS 12447 (S.D.N.Y. 2004) ..............................................................16

*Yusuf v. Vassar Coll.*,
   35 F.3d 709 (2d Cir. 1994) .........................................................................................5, 11

*Zucker v. Five Towns Coll.*,
   2010 WL 3310698 (E.D.N.Y. 2010) .........................................................................4, 8, 11

130623.1 10/27/2015

ArchCare, improperly sued herein as "The Roman Catholic Archdiocese of New York d/b/a ArchCare," submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint.

## FACTS ALLEGED IN THE COMPLAINT[1]

Plaintiff Michael Franchino ("Plaintiff") is American and was born in 1947.  (Comp. ¶¶ 11, 76).  Plaintiff was hired by ArchCare in August 2008 when he was 61 years old.  (*Id.* at ¶¶ 9, 11).  Plaintiff worked as a "human resources professional" for the entirety of his tenure with ArchCare.  (*Id.* at ¶ 13).  ArchCare terminated Plaintiff's employment effective September 3, 2014 when he was 67 years old.  (*Id.* at ¶¶ 11-12).  The individuals who made the decision to terminate Plaintiff's employment, and "upon information and belief" the individual who replaced Plaintiff, were younger than him.  (*Id.* at ¶¶ 22, 25).  Plaintiff claims that he was not given "a fair severance package" when his employment was terminated.  (*Id.* at ¶ 70).

Although Plaintiff had received good performance reviews during his employment (*see* Comp. ¶¶ 14, 32-33, 62), Plaintiff's employment was terminated after a sexual harassment complaint was lodged against him.  (*See id.* at ¶¶ 28-29, 45).  The individual who complained of sexual harassment was a Hispanic female with a disability and was younger than Plaintiff.  (*Id.* at ¶¶ 22, 36, 48, 52).  Among other things, Plaintiff was accused of "looking at women in a sexist manner," "undressing women with his eyes" and looking down a female staff member's blouse. (*Id.* at ¶¶ 28-29, 45).  Plaintiff now denies engaging in the sexual harassment attributed to him. (*Id.* at ¶ 56).  At the time the sexual harassment complaint was made, all of the sexual harassment allegations asserted against Plaintiff were "thoroughly investigated" by Peter Hill, ArchCare's Corporate Director of Human Resources, who, after the investigation, sent Plaintiff a letter concerning his "inappropriate or sexist conduct in the workplace."  (*Id.* at ¶¶ 45, 55).

---

[1] The facts alleged in the Complaint, and restated herein, are only accepted as true for the purposes of this motion.

On these facts, Plaintiff now asserts the following claims:  (1) age, gender and national origin discrimination relating to the termination of his employment; (2) retaliation relating to the termination of his employment; and (3) breach of contract based on an alleged "implied contract between Plaintiff and Defendant that Plaintiff would receive a fair severance if his employment were terminated without just cause." (Comp. ¶101).  All of Plaintiff's claims must be dismissed.

## STANDARD OF REVIEW

It is well-settled that in order "[t]o survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Kajoshaj v. N.Y. City Dep't of Educ.*, 543 Fed. Appx. 11, *13 (2d Cir. 2013) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

As the United States Supreme Court has explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.  Rather, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and the line "between the factually neutral and the factually suggestive … must be crossed to enter the realm of plausible liability." *Id.* at 555, 557 n. 5.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotation omitted).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a

130623.1 10/27/2015

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation omitted).

Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In considering whether a complaint states a claim upon which relief can be granted, the court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 664. While Rule 8 of the Federal Rules of Civil Procedure does not require "hyper-technical, code-pleading … it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-679. "While legal conclusions can provide the complaint's framework, *they must be supported by factual allegations*." *Id.* at 664 (emphasis added). "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Id.* at 678; *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). If, through the factual allegations in a complaint, "a plaintiff 'ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.'" *TZ Manor, LLC v. Daines*, 2011 U.S. Dist. LEXIS 109597, *17 (S.D.N.Y. 2011) (alteration in original) *quoting Twombly*, 550 U.S. at 570; *see Mohawk v. William Floyd Sch. Dist.*, 2014 U.S. Dist. LEXIS 27621, *9-10 (E.D.N.Y. 2014) (dismissing conclusory discrimination discharge claim).

Conclusory allegations of discrimination "do not plausibly allege circumstances giving rise to an inference of discrimination" and are insufficient to state a claim for employment discrimination and retaliation. *Mohawk*, 2014 U.S. Dist. LEXIS 27621 at *9-10; *see Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); *see Ruotolo v. City of N.Y.*, 2008 WL 313795 (2d Cir. 2008) (affirming dismissal of

conclusory employment discrimination claim on a 12(b)(6) motion); *Meyer v. William Floyd Sch. Dist.*, 2009 WL 3327208 (E.D.N.Y. 2009) (dismissing conclusory employment discrimination claim); *Reyes v. City Univ. of N.Y.*, 2007 WL 2186961, *5 (S.D.N.Y. 2007) (dismissing retaliation claim because Plaintiff "has not 'amplif[ied] his claim with some factual allegation in those contexts where some amplification is needed to render the claim plausible.'").

As demonstrated below, the Complaint here is devoid of factual allegations that elevate Plaintiff's claims above pure speculation and into the realm of plausibility.

## ARGUMENT

**POINT I     THE COMPLAINT FAILS TO STATE PLAUSIBLE DISCRIMINATION CLAIMS**

### A.     Plaintiff's Discrimination Claims Are Conclusory And Must Be Dismissed

In his Complaint, Plaintiff purports to bring claims of age, gender and national origin discrimination relating the termination of his employment.   However, even under a liberal construction, the Complaint does not come close to stating a plausible claim for discrimination. The Complaint is instead based solely on conclusory averments that Plaintiff was discriminated against on the basis of his age, gender and national origin.   Indeed, the Complaint can easily be read as stating the type of false syllogism that has been repeatedly rejected as insufficient by the courts—*i.e.*, I am a member of a protected class, an adverse employment action occurred, the adverse employment action occurred because of my membership in the protected class.   *See, e.g.*, *Zucker v. Five Towns Coll.*, 2010 WL 3310698 (E.D.N.Y. 2010).

There are no factual allegations anywhere in the Complaint that plausibly indicate anything that occurred to Plaintiff occurred *because of* his age, gender or national origin. Because Plaintiff offers nothing but his own subjective, conclusory belief in support of his claims, all of his discrimination claims fail as a matter of law.   *See, e.g., Hussey v. NYS Dep't of*

*Law*, 933 F. Supp. 2d 399, 406-407 (E.D.N.Y. 2013) ("It is axiomatic that mistreatment at work is actionable under Title VII only when it occurs *because of* an employee's ... protected characteristics. ... Here, the plaintiff has failed to allege facts sufficient to nudge her claims across the line from conceivable to plausible." (alteration and emphasis in original; internal quotation omitted)); *Mohawk*, 2014 U.S. Dist. LEXIS 27621 at *10 (dismissing conclusory claim that plaintiff was terminated because of his race and national origin).

In purported support of his age, gender and national origin discrimination claims, Plaintiff here has—at best—factually alleged that he is an American male and that he was terminated when he was 67 years old. But Plaintiff has failed to allege any facts whatsoever that plausibly connect the fact that he is a 67 year old American male to his termination. Rather, as plead in the Complaint, the factual allegations asserted clearly demonstrate that:

- Plaintiff was hired by ArchCare as a 61 year old American male. (Comp. ¶¶ 9, 11, 76).

- A sexual harassment complaint was made against Plaintiff accusing him of, among other things, looking down a staff member's blouse. (*Id.* at ¶¶ 28-29, 45).

- Plaintiff's employment was terminated only after the sexual harassment complaint against him was thoroughly investigated and Plaintiff was informed that he had "engaged in inappropriate or sexist conduct in the workplace." (*Id.* at ¶¶ 45, 55).

Plaintiff has failed to draw any connection or nexus between the termination of his employment and either his age, gender or national origin. Merely stating that ArchCare discriminated against him is not sufficient to state a plausible claim of discrimination under the applicable laws.

Courts consistently dismiss discrimination claims, such as those Plaintiff now asserts, that are supported only by the plaintiff's speculative belief that an unlawful discriminatory motive caused an adverse employment action. *See, e.g., Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir. 1994); *Perry v. Sony Music,* 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) (dismissing

complaint that did not provide "detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that race played a role in [employer's] decision").

For example, as one court recently held in dismissing a claim that an employee was wrongfully terminated because of his race and national origin:

> Plaintiff fails to allege any facts, besides his own subjective belief, that plausibly suggest that the altercations with the student and Plaintiff's subsequent termination were in any way connected to his race, color, or national origin. … Simply put, there are no facts in the Complaint that allow the Court to draw a reasonable inference that the [defendant employer] discriminated against Plaintiff because of his race, other than that he is Native American who had an incident with a Caucasian male that precipitated Plaintiff's termination. This allegation will not do. Accordingly, the [employer's] motion to dismiss is GRANTED …

*Mohawk*, 2014 U.S. Dist. LEXIS 27621 at *10. In *Amofa v. Bronx Lebanon Hospital*, the district court similarly granted a Rule 12(b)(6) motion dismissing employment discrimination claims and held, in language that is fully applicable here:

> Although Amofa apparently claims that he was terminated for a discriminatory reason, none of [his] allegations indicates that the incident that preceded his termination came about because of his race, color or unspecified national origin. … Amofa's pleadings do not draw any connection whatsoever between Ms. Fine's actions in that incident on one hand and his race, color or national origin on the other. Nor do Amofa's pleadings draw any connection between Bronx-Lebanon's decision to terminate him and either his race, color or national origin.

2006 WL 3316278, *3 (S.D.N.Y. 2006). Similarly, in an opinion affirmed by the Second Circuit, the district court granted a Rule 12(b)(6) motion dismissing a Title VII claim, holding:

> In his Amended Complaint, Coleman asserts that defendants decided to terminate him during one Jewish holiday, Rosh Hashana, and that he was notified that he had in fact been terminated during another Jewish holiday, Yom Kippur. He also asserts that defendants "punished him for observing the Jewish holiday [Rosh Hashana] when he was unable to respond to the [September 12, 2007 FINRA] letter." He alleges that he was discriminated against "because of his religion" and "on the basis of

> his religion." Yet these are merely conclusory statements. "Put
> simply, Coleman alleges little more than that he is Jewish[] and
> that he was terminated." There are no facts in his Amended
> Complaint from which the Court can infer that Coleman was
> dismissed because of his religion. Because Coleman offers only
> conclusory statements in support of his Title VII discrimination
> claim, that claim is dismissed.

*Coleman v. Brokers Express, LLC*, 2009 WL 275474, *3 (S.D.N.Y. 2009) (alteration in original),

*aff'd* 2010 WL 1731821 (2d Cir. 2010).

Here, Plaintiff's bald allegations of discrimination are exactly the type of conclusory

averments that the Supreme Court was intent on removing from the courts. Post-*Twombly*,

courts have routinely dismissed claims where a plaintiff fails to offer anything but mere

speculation that a discriminatory motive led to the adverse employment action complained of.[2]

For example, as explained by one court in dismissing a conclusory age discrimination claim

stemming from an alleged wrongful termination:

> Given that employment decisions involve "subjective,
> individualized assessments," the College could have had dozens of
> possible reasons for terminating Mr. Zucker, and for chosing [sic]
> a particular replacement. So, without actual facts suggesting
> discriminatory animus, age discrimination is just one "possibility"
> for the College's actions. *Iqbal*, 129 S. Ct. at 1949. And,
> consequently, allegations that Mr. Zucker performed his job
> satisfactory, and that the College then fired him and replaced him
> with someone younger, by themselves, fail to raise his "right to
> relief above [a] speculative level." *Bell v. Atlantic Corp. v.
> Twombly*, 550 U.S. 644, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929
> (2007).
>
> … Defendants similarly argue, correctly noting that "[e]very
> employee is a member of multiple protected classes." … Thus,
> "unless a terminated employee is being replaced by a virtual clone,
> his/her replacement" will almost certainly "be outside of one of the

---

[2] Even pre-*Twombly*, courts consistently held that such claims were patently insufficient under the law. *See, e.g.*, *Mehrhoff v. William Floyd Sch. Dist.*, 2005 WL 2077292, *9 (E.D.N.Y. 2005) ("Plaintiff fails to support her claims of discrimination with any specific events, names or dates relating to the alleged discrimination based on her gender, age and sexual orientation. She merely makes broad and conclusory averments that she was selectively treated because of her sexual orientation, gender and age and this selective treatment led to her termination.").

> Plaintiff's protected classes (*e.g.*, could be younger and/or a different gender, race, religion, national origin)." ... The Court agrees with this reasoning. And the Court has no desire to abrogate FED. R. CIV. P. 8's gate-keeping function in employment discrimination cases, enabling nearly every fired employee to subject his employer to burdensome, expensive discovery.

*Zucker*, 2010 WL 3310698 at *2. The facts as alleged in the instant Complaint no more support a claim of age, gender or national origin discrimination, than if Plaintiff had alleged religious discrimination as a basis for his termination. As were the conclusory age discrimination claims asserted by the plaintiff *Zucker*, Plaintiff's claims here too should be dismissed.

Notably, relying heavily on the above decision in *Zucker*, Judge Colleen McMahon of this court dismissed a *pro se* plaintiff's discrimination claim, reasoning as follows:

> This is a variation on a common (and patently defective) technique in cases brought under federal and local antidiscrimination statutes: "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)." As the Second Circuit and other courts of appeal have repeatedly stated, this is a false syllogism, one that does not support any inference of discrimination. The fact that plaintiff is pro se does not excuse her reliance on this false syllogism; where, as here, a pro se pleading does not "manifest[] any form of racial animus discriminatory words, prior incidents or other indications that race played a role in [the employer's] decision," even a pro se complaint is subject to dismissal. *Where there is no reason to suspect that an employer's actions had anything to do with membership in a protected class, other than plaintiff's bald assertion that she was a member of such a class, and the people who made decisions about her employment were not, no claim is stated.*
>
> ***
>
> To protect employers from precisely this sort of untenable situation, *naked assertions by plaintiff that some protected demographic factor motivated an employment decision, without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's membership in a protected class, are simply too conclusory to withstand a motion to dismiss.*

130623.1 10/27/2015

*Ochei v. The Mary Manning Walsh Nursing Home Co.*, 2011 WL 744738, *3 (S.D.N.Y. 2011) (internal citation omitted; emphasis added).

The same is true here.  The factual allegations in the Complaint demonstrate that Plaintiff was terminated only after a sexual harassment complaint was lodged against and investigated by ArchCare, and ArchCare sent Plaintiff a letter about him having "engaged in inappropriate or sexist conduct in the workplace."  (*See* Comp. ¶¶ 28-29, 45, 55).  Merely alleging that the Plaintiff's termination must have been unlawful discrimination is simply too conclusory and warrants dismissal of Plaintiff's claims.  *See, e.g., Rodriguez v. Verizon Telecom*, 2014 U.S. Dist. LEXIS 167833, *19 (S.D.N.Y. 2014) (dismissing conclusory race and national origin discrimination claims on 12(b)(6) motion because "plaintiff fails to provide any basis for the belief that his Latino race/ethnicity was connected to the adverse employment actions he suffered"); *Perry v. Dep't of Labor*, 2009 WL 2575713 (S.D.N.Y. 2009) (dismissing conclusory age and race claims); *Amofa*, 2006 WL 3316278 at *3 (dismissing discrimination claim where plaintiff "claims that he was terminated for a discriminatory reason" but "none of [his] allegations indicates that the incident that preceded his termination came about because of his race, color or unspecified national origin" and his "pleadings do not draw any connection whatsoever between [the … decision to terminate him and either his race, color or national origin."); *Reyes v. Erickson*, 238 F. Supp. 2d 632 (S.D.N.Y. 2003) ("naked assertions by plaintiff that race was a motivating factor without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race are too conclusory"); *Watts v. Serv. for the Underserved*, 2007 WL 1651852 (E.D.N.Y. 2007) (dismissing complaint because it failed to

"allege even one fact tending to show that [defendant] took [plaintiff's] religion or color into account" in taking adverse employment action).[3]

To the extent Plaintiff may attempt to save his claims by relying on the sparse factual allegations in the Complaint—namely, relating to being employed as a human resources professional, the gender and national origin of the individual who made the sexual harassment complaint against him, and that such individual and certain others were younger than Plaintiff— his reliance would be misplaced.  Such allegations are insufficient to stave off dismissal of Plaintiff's claims.

First, to the extent Plaintiff may attempt to impart gender-based animus to ArchCare because Plaintiff was "a male occupying a human resources/personnel position" (Comp. ¶ 26), his attempt necessarily fails in light of other allegations in the Complaint.  Indeed, the allegations in the Complaint make clear that ArchCare employs numerous males in human resources positions.  Not only did ArchCare employ Plaintiff in such a position, but the Complaint expressly alleges: (1) Peter Hill—a male—was Plaintiff's "superior" and employed as ArchCare's Corporate Director of Human Resources (Comp. ¶¶ 17, 55); and (2) Hugo Pizarro— also a male—was Plaintiff's "superior" and held a human resources position at ArchCare's higher management level.  (*Id.* at ¶ 17).  Simply put, gender-based animus cannot be inferred by virtue of Plaintiff's male gender and the position he held while at ArchCare.

Moreover, that Plaintiff was an American male, while the person who made the sexual harassment complaint against him was a Hispanic female, is patently insufficient to raise a

---

[3] *See also Valle v. Bally Total Fitness,* 2003 WL 22244552 (S.D.N.Y. 2003) (granting 12(b)(6) motion dismissing complaint alleging plaintiff's employment was terminated because of his race, sex, national origin and age where the complaint contained no factual allegations supporting those claims); *Tamayo v. City of N.Y.,* 2003 WL 21448366 (S.D.N.Y. 2003) (dismissing conclusory discrimination claims); *Hill v. Phillip Morris USA,* 2004 WL 1065548 (S.D.N.Y. 2004) (same); *Uhlein v. County of Jefferson,* 2005 WL 928619 (N.D.N.Y. 2005) (collecting cases granting motions to dismiss where claims were based on conclusory averments); *Mathon v. Feldstein,* 303 F. Supp. 2d 317, 325-26 (E.D.N.Y. 2004) (granting 12(b)(6) motion dismissing employment discrimination claims based on conclusory allegations).

plausible inference of gender or national origin discrimination.  *See, e.g.*, *Mohawk*, 2014 U.S. Dist. LEXIS 27621 at *10 ("Simply put, there are no facts in the Complaint that allow the Court to draw a reasonable inference that the District discriminated against Plaintiff because of his race, other than that he is Native American who had an incident with a Caucasian male that precipitated Plaintiff's termination.  This allegation will not do.").

Plaintiff's allegations that sexual harassment complainant and the individuals who made the decision to terminate Plaintiff's employment were younger than Plaintiff also do not support his contention that age played a role in the termination of his employment.  *See, e.g.*, *id.*; *Thompson v. Tom Vazquez Janitorial*, 2006 U.S. Dist. LEXIS 85931, *9 (E.D.N.Y. 2006) (dismissing age discrimination claim where, among other things, "[t]he supervisor who made the decision to terminate [plaintiff]" was younger than plaintiff and plaintiff "has not pointed to any other facts or circumstances that would suggest that his termination was related to his age"); *Yusuf v. Vassar College*, 35 F.3d 709, 714 (2d Cir. 1994) (no reason to suspect that university's action had anything to do with race other than his assertion that panel members were white and plaintiff was not); *Ochei*, 2011 WL 744738 at *3 ("Where there is no reason to suspect that an employer's actions had anything to do with membership in a protected class, other than plaintiff's bald assertion that she was a member of such a class, and the people who made decisions about her employment were not, no claim is stated.").

Although Plaintiff alleges "upon information and belief" that he was replaced by a younger female individual (*see* Comp. ¶¶ 25, 35), that too fails to save his age claim.  Even if Plaintiff's position was filled by someone younger, that does not raise a plausible inference of age discrimination. *See, e.g.*, *Zucker*, 2010 WL 3310698 at *2 ("[A]llegations that Mr. Zucker performed his job satisfactory, and that the College then fired him and replaced him with

someone younger, by themselves, fail to raise his 'right to relief above [a] speculative level.'"); *Holowecki v. Fed. Express Corp.*, 644 F. Supp. 2d 338, 357 (S.D.N.Y. 2009) ("[I]t is well-established that an inference of discrimination cannot be drawn from the replacement of one worker with another worker insignificantly younger."), *aff'd*, 382 Fed. Appx. 42, 45 (2d Cir. 2010); *Liburd v. Bronx Lebanon Hosp. Ctr.*, 2008 U.S. Dist. LEXIS 62867, *17 (S.D.N.Y. 2008) ("Although [plaintiff] alleges that she was replaced by a younger employee, this, without more, is not enough to survive a motion to dismiss."); *Sangi v. Warren Hosp.*, 2011 WL 4857933 (D.N.J. 2011) (allegation that plaintiff was replaced by someone "'younger than she' does not itself reasonably permit an inference of willful discrimination on the basis of age").[4]

Plaintiff's age, gender and national origin discrimination claims must be dismissed.

**B.      Plaintiff Has Failed To Plead A Plausible Claim Of Discriminatory Discharge**

In order to sufficiently allege a plausible discriminatory discharge claim, Plaintiff must allege that he is "similarly situated in all material respects to the individuals with whom [he] seeks to compare [him]self" and that such individuals were not terminated even though he was. *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 230 (2d Cir. 2014); *see Bhanusali v. Orange Reg'l Med. Ctr.*, 2013 U.S. Dist. LEXIS 113974 (S.D.N.Y. 2013) ("To support an inference of discrimination based on allegations of disparate treatment, a plaintiff must plausibly allege the existence of at least one comparator who was more favorably treated despite being similarly situated to the plaintiff in all material respects, meaning (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct.").

---

[4] If the law were otherwise, "then any time an … employer terminated an employee [within the protected age class], the employer would be unable to replace that employee with someone younger [] without exposing itself to potential liability for age discrimination." *Foster v. Humane Soc'y of Rochester and Monroe County, Inc.*, 724 F. Supp. 2d 382, 391 (W.D.N.Y. 2010).

Fatal to Plaintiff's discriminatory discharge claim is his failure to identify a single similarly situated employee outside of his protected classes who was not similarly disciplined or discharged.  Plaintiff does not, for example, allege that any other human resources professional outside of Plaintiff's protected classes (age, gender and national origin) had a sexual harassment complaint lodged against him/her but was not discharged.  All of Plaintiff's discriminatory discharge claims must therefore be dismissed.  *See, e.g.*,  *Vega v. Hempstead Union Free Sch. Dist.*, 2014 U.S. Dist. LEXIS 71302 (E.D.N.Y. 2014) (dismissing discrimination claim on 12(b)(6) motion for plaintiff's failure to allege he was treated differently than similarly situated individuals outside of his protected class); *Foray v. Bell Atl.*, 56 F. Supp. 2d 327, *329-330 (S.D.N.Y. 1999) (granting male employee's gender discrimination claim on 12(b)(6) motion because plaintiff failed to allege that he was treated differently than a similarly situated woman); *Sweeney v. City of N.Y.*, 2004 U.S. Dist. LEXIS 6263 (S.D.N.Y. 2004) (granting 12(b)(6) motion; "the amended complaint fails to identify a single similarly situated police officer who was treated differently"), *aff'd*, 2006 U.S. App. LEXIS 15915 (2d Cir. 2006).

For example, as Judge Paul Engelmayer of this court recently stated in dismissing a race discrimination claim at the motion to dismiss stage:

> A plaintiff may support an inference of race discrimination by demonstrating that similarly situated employees of a different race were treated more favorably, but in order to make such a showing, the plaintiff must compare herself to employees who are similarly situated in all material respects.  Similarly situated in all material respects does not mean all respects generally, but rather sufficiently similar to support at least a minimal inference that the difference of treatment may be attributable to discrimination.
>
> Here, the Amended Complaint lacks any factual basis from which one could infer that any Caucasian employee similarly situated to [plaintiff] was subject to differential treatment.  [Plaintiff] alleges in general terms that her hair is the same color as several non-black employees, but the Amended Complaint is otherwise silent as to these comparators.  *It fails to describe who these people are, what*

13

> *their responsibilities were, how their workplace conduct compared to [plaintiff], or how they were treated.   Without factual amplification, the generic allegation of disparate treatment related to an unspecified class of Caucasian persons is simply not sufficient to nudge her claims across the line from conceivable to plausible, and thus is insufficient to support her racial discrimination claim.*

*Henry v. N.Y.C. Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 408 (S.D.N.Y. 2014) (emphasis added; internal quotation and citation omitted).

Like the plaintiff in *Henry*, the Complaint here too lacks any allegation that Plaintiff was treated differently than any similarly situated individual outside of his protected classes. Plaintiff's discriminatory discharge claims must be dismissed.

**C.   The Complaint Fails to Allege A Plausible Claim For Age Discrimination**

**1.   The Complaint Fails To Allege Plaintiff's Age Was The "But For" Cause of His Termination**

"[T]o prevail on claims of discrimination under the ADEA, a plaintiff must show that 'but for' his age the adverse employment action would not have been taken." *Ben-Levy v. Bloomberg*, 518 Fed. Appx. 17, *19 n. 1 (2d Cir. 2013).  Here, however, Plaintiff continually asserted—albeit in conclusory fashion—that he was terminated not only because of his age, but also because of his gender and national origin.  For example, the Complaint alleges:

> 10.   Plaintiff was discriminated against by ArchCare on the basis of a) his age, *b) his gender, and c) his national origin/ethnicity.*
>
> 15.   Plaintiff was terminated because of his age, which discrimination was *also motivated by Plaintiff's gender and national origin/ethnicity.*
>
> 23.   Evidence that age was the cause of Plaintiff [sic] unlawful termination, *additionally motivated by gender bias …*
>
> 26.   Plaintiff was discriminated on account of *being a male* occupying a human resources/personnel position.

36.     Upon information and belief, the reason Plaintiff was terminated is because the person who should have been terminated—Ms. Lydia Mercado-Boswick—is a much younger *Hispanic woman* …

76.     Plaintiff is an American-born male who had excellent job performance yet [sic] *discriminated against on the basis of his gender and ethnicity/national origin.*

(Comp. ¶¶ 10, 15, 23, 26, 36, 76 (emphasis added); *see id.* ¶¶ 48-49, 51-53). In the sworn charge of discrimination Plaintiff filed with the U.S. Equal Employment Opportunity Commission—which is incorporated into the Complaint by reference (*see* Comp. ¶ 74), and of which this Court can take judicial notice[5]—Plaintiff similarly alleges he was terminated not only because of his age, but also because of his gender and national origin.  (Moller Aff. Exhibit A at ¶¶ 12, 16, 21).

Consequently, Plaintiff's own allegations demonstrate that age was not the "but for" reason that his employment was terminated, and undermine any plausible inference that he was unlawfully terminated because of his age.    Plaintiff's age discrimination claim must be dismissed.  *See Hu v. UGL Servs. Unicco Operations Co.*, 2014 U.S. Dist. LEXIS 145552, *18 (S.D.N.Y. 2014) (dismissing age discrimination claim where "Plaintiff conjectured that there were multiple reasons for his discharge, including that he was highly paid and younger workers were 'cheaper'. This admission undermines any claim that Plaintiff's age was the 'but-for' cause of his discharge"); *Benyard v. White Plains Hosp. Med. Ctr.*, 2013 U.S. Dist. LEXIS 161752, *16-17 (S.D.N.Y. 2013) (dismissing age discrimination claim because "mixed-motive

---

[5] On a motion to dismiss, a court may properly consider "the four corners of the complaint, any documents attached to that pleading or incorporated in it by reference, any documents that are integral to the plaintiff's allegations even if not explicitly incorporated by reference, and facts of which the court may take judicial notice."  *Hodge v. Sidorowicz*, 2010 U.S. Dist. LEXIS 142308, *47 (S.D.N.Y. 2010).  This Court can properly take judicial notice of Plaintiff's EEOC charge.  *See, e.g., Ellis v. Delphi Corp.*, 2009 U.S. Dist. LEXIS 102168, *6 n. 1 (S.D.N.Y. 2008) (taking judicial notice of a plaintiff's EEOC charge on a motion to dismiss); *Muhammad v. NYC Transit Auth.*, 450 F. Supp. 2d 198, 204-05 (S.D.N.Y. 2006) (same); *Lindner v. IBM Corp.*, 2008 WL 2461934, *1 n. 1 (S.D.N.Y. 2008) (same); *Betancourt v. City of N.Y. HRA/DSS*, 2007 U.S. Dist. LEXIS 74934 (S.D.N.Y. 2007) ("In deciding the motion, a court may consider … materials incorporated in it by reference … The copies of [plaintiff's] filing with the EEOC … which have been submitted by [defendant] in connection with its motion to dismiss, are thus properly considered here." (internal quotation and citation omitted)).

15

discrimination claims are not actionable under the ADEA" and plaintiff asserted reasons other than age as bases for her termination).

Moreover, as discussed above (*see* Point I(A) *supra*), the Complaint lacks factual allegations that connect Plaintiff's age with the decision to terminate his employment, let alone that plausibly shows age was the sole factor that lead to his termination.  Rather, the allegations in the Complaint demonstrate that Plaintiff's employment was terminated only after:  (i) a sexual harassment complaint was made against Plaintiff accusing him of, among other things, looking down a staff member's blouse (Comp. ¶¶ 28-29, 45); and (ii) the sexual harassment complaint against him was "thoroughly investigated" and Plaintiff was informed that he had "engaged in inappropriate or sexist conduct in the workplace."  (*Id.* at ¶¶ 45, 55). Such allegations further undermine any plausible inference that Plaintiff's age was the "but for" cause of his termination.

### 2. The Fact That Plaintiff Was Hired When He Was 61 Years Old Undermines His Age Discrimination Claim

In the Complaint, Plaintiff alleges that he was born in 1947 and hired by ArchCare in August 2008.  (Comp. ¶¶ 9, 11).  Such allegations thus establish that Plaintiff was 61 years old when he was hired by ArchCare.  (*See id.*).

The fact that ArchCare, who Plaintiff now claims was ageist, hired Plaintiff when he was 61 years old further undermines any inference of age-based discrimination relating to his termination. *See*, *e.g.*, *Liburd*, 2008 U.S. Dist. LEXIS 62867 at *16 ("[Plaintiff's] conclusory allegation that the Hospital discriminated against her on account of her age is belied by her having been hired when she was forty-seven years old, and thus already a member of the protected class."); *Whyte v. Contemporary Guidance Svcs.*, 2004 U.S. Dist. LEXIS 12447, *10 (S.D.N.Y. 2004) ("plaintiff's conclusory allegation that CGS discriminates against older employees in an effort to force them to resign is belied by plaintiff's allegation that he was hired

16

when he was forty-three years old, and thus already a member of the protected class."); *Gundlach v. IBM, Japan*, 2012 WL 1520919, *6 n. 6 (S.D.N.Y. 2012) ("If Plaintiff was over forty years old when he was hired … this fact would also undermine his age discrimination claim."); *Maysonet v. Citi Group, Inc.*, 2011 WL 476610 (S.D.N.Y. 2011) ("the fact that Citi hired Maysonet at the age of forty-two makes any inference of age discrimination doubtful"); *Brennan v. Bausch & Lomb*, 950 F. Supp. 545, 551-52 (E.D.N.Y. 1997) (dismissing age discrimination claims where plaintiff was member of protected class at time of hiring and firing); *Lowe v. J.B. Hunt Transp.*, Inc., 963 F.2d 173, 175 (8th Cir. 1992) ("it is simply incredible … that the company officials who hired [plaintiff] at age fifty-one had suddenly developed an aversion to older people").

As stated by the Fourth Circuit in the leading case on this issue:

> One is quickly drawn to the realization that claims that employer animus exists in termination but not in hiring seems irrational. From the standpoint of the putative discriminator, it hardly makes sense to hire workers from a group one dislikes (thereby incurring the psychological costs of associating with them), only to fire them once they are on the job.

***

> Our holding advances the aims of the statute.  For almost any employer, there will be cases where an individual hired for a position does not meet the employer's expectations and a termination ensues.  If former employees in these situations bring ADEA claims that are allowed to proceed to trial, employers may fear that a costly suit is possible even when there are completely legitimate reasons for a discharge.  When this is coupled with the fact that individuals are far more likely to bring suits for discriminatory discharge than for discriminatory failure to hire, there is a grave risk that employers who otherwise would have no bias against older workers will now refuse to hire them in order to avoid meritless but costly [age discrimination] actions.  *Courts must promptly dismiss such insubstantial claims in order to prevent the statute from becoming a cure that worsens the malady of age discrimination.*

17

*Proud v. Stone*, 945 F.2d 796, 797-98 (4th Cir. 1991) (emphasis added; citations and internal quotations omitted).  Here, as in *Proud*, the laudable goals of the anti-discrimination laws would be severely undermined if Plaintiff is now allowed to proceed with his claim of age discrimination against the very employer that hired him at age 61.

Plaintiff's claim that he was terminated because of his age boils down to the false syllogism that has been repeatedly rejected by the courts and should likewise be rejected here. (*See* Point I(A) *supra*).

## POINT II     THE COMPLAINT FAILS TO PLEAD A PLAUSIBLE RETALIATION CLAIM

As a third claim for relief, Plaintiff purports to bring retaliation claims under Title VII and the Americans with Disabilities Act ("ADA").  (*See* Comp. at p. 12).  But Plaintiff's retaliation claims fare no better than his other claims and must be dismissed.

### A.     Plaintiff's Retaliation Claims Must Be Dismissed For Failure To Exhaust Administrative Remedies

As a threshold matter, both of Plaintiff's retaliation claims are subject to dismissal for his failure to exhaust administrative remedies on those claims.  Before asserting his retaliation claims in court, Plaintiff was required to—but did not—present those claims and the facts underlying those claims to the EEOC.

"As a precondition to filing a Title VII [and ADA] claim in federal court, a plaintiff must first pursue available administrative remedies and timely file a complaint with the EEOC." *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003).  As has been stated:

> Adherence to this jurisdictional prerequisite is essential to preserve the purpose of filing an EEOC charge, "which is to encourage settlement of discrimination claims through conciliation and voluntary compliance." That purpose would be defeated if a plaintiff could bring claims in a lawsuit which had not been presented to, and investigated by, the EEOC.

S*undaram v. Brookhaven Nat'l Labs.*, 424 F. Supp. 2d 545, 567 (E.D.N.Y. 2006) *quoting Butts v. City of N.Y. Dep't of Housing Pres. and Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993).[6]

"A district court only has jurisdiction to hear Title VII [and ADA] claims that either are included in an EEOC charge or are based on conduct … which is 'reasonably related' to that alleged in the EEOC charge." *Butts*, 990 F.2d at 1401.   A claim is deemed "reasonably related" where "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Deravin*, 335 F.3d at 200-201 *quoting Fitzgerald v. Henderson*, 251 F.3d 345, 359-60 (2d Cir. 2001). "The reasonably related doctrine does not, however, permit a plaintiff to bring suit based on alleged prior acts … that could have been, but were not, asserted in the EEOC charge that was filed." *Sternkopf v. White Plains Hosp.*, 2015 U.S. Dist. LEXIS 129996, *27 (S.D.N.Y. 2015) (quotation omitted).

Here, Plaintiff failed to exhaust his administrative remedies with respect to his retaliation claims.  Nowhere in his EEOC charge did Plaintiff assert that he had engaged in any kind of protected activity or that he was terminated in retaliation for such protected activity.  (*See* Moller Aff. Exhibit A).  Rather, the allegations in his EEOC charge relate entirely to Plaintiff's belief that he was unlawfully terminated because of his age, gender and national origin.  (*Id.*).  Because the allegations in Plaintiff's EEOC charge relate solely to alleged age, gender and national origin discrimination, any retaliation claim now asserted cannot be deemed "reasonably related" to the allegations in that charge.  *See, e.g.*, *Sternkopf*, 2015 U.S. Dist. LEXIS 129996 at *28-29; *Burke v. Gutierrez*, 2006 WL 89936, *12 (S.D.N.Y. 2006) (collecting cases), *aff'd sub nom. Burke v. Evans*, 248 Fed. Appx. 206 (2d Cir. 2007); *Dellaporte v. City Univ. of N.Y.*, 998 F. Supp. 2d 214, 232 (S.D.N.Y. 2014) (retaliation claim not reasonably related when protected activity and

---

[6] *Butts* was superseded by statute on other grounds as stated in *Hawkins v. 1115 Legal Services Care*, 163 F.3d 684, 693 (2d Cir. 1998).

130623.1 10/27/2015

retaliatory motive not mentioned in charge); *Morris v. David Lerner Assocs.*, 680 F. Supp. 2d

430, 437-438 (E.D.N.Y. 2010) (retaliation claim not reasonably related even though EEOC

charge referred to plaintiff's termination).

> As Judge Cathy Seibel of this court recently held under similar circumstances:

> > [T]here are no allegations in the administrative complaint that
> > would have caused the agencies to investigate retaliation. Plaintiff
> > described neither ADA-protected activity nor retaliatory action.
> > Nor did he check the retaliation box. Courts in this district have
> > often found that, where a plaintiff does not explicitly allege
> > retaliation in an administrative complaint, the subsequent
> > investigation of other forms of discrimination cannot reasonably be
> > expected to extend to retaliation. The administrative complaint,
> > even when referring to Plaintiff's termination, fails to allege that
> > Plaintiff engaged in any sort of protected activity for which
> > retaliation would be prohibited under the ADA, or that Plaintiff
> > was fired—or was otherwise retaliated against—because he
> > engaged in protected activity. The SDHR and EEOC, therefore,
> > could not possibly have been on notice of alleged retaliatory
> > activity. Here the reasonably related doctrine cannot be stretched to
> > bridge the gap between the allegations asserted in the plaintiff's
> > [administrative] complaint and the claims he raises in this civil
> > action.

*Sternkopf*, 2015 U.S. Dist. LEXIS 129996 at *28-29 (internal citation and quotation omitted).

Accordingly, Plaintiff is now barred from pursuing his retaliation claims in court. *See,*

*e.g., id.*; *Porter v. Texaco, Inc.*, 985 F. Supp. 380 (S.D.N.Y. 1997) (dismissing retaliation claim

because it was not reasonably related to claims of gender discrimination or unrelated retaliation

asserted in plaintiff's EEOC charge); *Foxworth v. Am. Bible Soc'y*, 2005 WL 1837504, *3, 10-12

(S.D.N.Y. 2005) (dismissing retaliation claim where EEOC charge alleged plaintiff's position

was eliminated because of race/sex and, but did not allege that plaintiff had complained to

employer about discriminatory treatment), *aff'd sub nom. Mitchell-Foxworth v. Am. Bible Soc'y*,

180 Fed. Appx. 294, 294 n. 1 (2d Cir. 2006); *see also Waterman v. Register.com, Inc.*, 2005 WL

2759825, *1 (S.D.N.Y. 2005) (dismissing Title VII claim not asserted in charge filed with the

EEOC because claims that are not "reasonably related to those actually made to the EEOC cannot be pursued" in federal court); *James v. Federal Reserve Bank of N.Y.*, 2005 U.S. Dist. LEXIS 43493, *14-15 (E.D.N.Y. 2005), *aff'd*, 2007 U.S. Dist. LEXIS 5357 (E.D.N.Y. 2007) (dismissing discrimination claim where claim was not alleged in EEOC charge).

### B.      Plaintiff's ADA Retaliation Claim Fails As A Matter Of Law

Plaintiff's ADA retaliation claim necessarily fails for the additional reason that the Complaint lacks any allegation that Plaintiff engaged in "protected activity" for which he could have been retaliated against under that law.[7]

To plead a plausible retaliation claim under the ADA, at a minimum, it was necessary for Plaintiff to plead that he engaged in "protected activity" under the ADA. *See Vale v. Great Neck Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 438-39 (E.D.N.Y. 2015); *Bernadotte v. N.Y. Hosp. Med. Ctr. of Queens*, 2014 U.S. Dist. LEXIS 26115, *23-26 (E.D.N.Y. 2014). For purposes of the ADA, "complaints [of disability discrimination], whether formal or informal, are considered protected activity in retaliation claims. The Second Circuit and district courts in this Circuit have also allowed retaliation claims based on a request for reasonable accommodation." *Bernadotte*, 2014 U.S. Dist. LEXIS 26115 at *24 (internal citation omitted).  In other words, Plaintiff must have pled that he either complained about disability-based discrimination either against him or someone else, or requested accommodation for a disability that he suffered.

---

[7] Although it is not necessary for Plaintiff to plead a *prima facie* case of retaliation, "the elements of a prima facie case 'provide an outline of what is necessary to render [a plaintiff's] claims for relief plausible.'" *Rodriguez v. Verizon Telecom*, 2014 U.S. Dist. LEXIS 167833, *7-8 (S.D.N.Y. 2014) *quoting Sommersett v. City of N.Y.*, 2011 WL 2565301, *5 (S.D.N.Y. 2011).  "To establish a *prima facie* case of retaliation, Plaintiff must show: '(1) that she participated in a protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal connection between her engaging in the protected activity and the adverse employment action.'" *Bernadotte v. NY Hosp. Med. Ctr. of Queens*, 2014 U.S. Dist. LEXIS 26115, *23 (E.D.N.Y. 2014) *quoting Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010).

130623.1 10/27/2015

The Complaint here lacks any allegation that Plaintiff engaged in either type of ADA protected activity.  Plaintiff's ADA retaliation claim must therefore be dismissed.  *See, e.g.*, *Rodriguez*, 2014 U.S. Dist. LEXIS 167833 at *22 (dismissing ADA retaliation claim on 12(b)(6) motion because plaintiff failed to plead that he engaged in any ADA protected activity); *Licatesi v. Servisair*, 2009 U.S. Dist. LEXIS 126032, *24-25 (E.D.N.Y. 2009) (same).

### C.   Plaintiff's Title VII Retaliation Claim Fails As A Matter Of Law

Plaintiff's Title VII retaliation claim must similarly be dismissed.  As best can be gleaned from the Complaint, the sole factual allegations that conceivably relate to protected activity and on which Plaintiff bases his Title VII retaliation claim are:  (1) Plaintiff's alleged "report[] and object[ion] to unlawful discrimination in favor of Ms. Mercado" (Comp. ¶ 88); and (2) ArchCare's alleged knowledge that "Plaintiff would support Defendant's workers and not the abusive young Hispanic manager, Ms. Mercado." (*Id.* at ¶ 89).  Such allegations, however, fail to allege that Plaintiff actually engaged in any protected activity under Title VII that plausibly led to his termination.

First, as to the latter allegation—*i.e.*, that ArchCare "knew Plaintiff would support Defendant's workers and not the abusive young Hispanic manager, Ms. Mercado." (Comp. ¶ 89), it is facially defective and does not allege that Plaintiff actually engaged in any protected activity.  Indeed, the Complaint alleges that Plaintiff "*would* support" not that he "*did* support" other employee's against Ms. Mercado. (*Id.* at ¶ 89 (emphasis added)).  This allegation also fails to indicate the basis of Plaintiff's anticipated support as being related to Title VII discrimination or something wholly unrelated to discrimination.

As to the former allegation, to the extent Plaintiff alleges he engaged in protected activity by "report[ing] and object[ing] to unlawful discrimination in favor of Ms. Mercado" (Comp. ¶ 88), that allegation also fails to save his retaliation claim.  A reading of the Complaint makes

22

clear that the "unlawful discrimination in favor of Ms. Mercado" to which he claims to have objected and reported to ArchCare was the termination of his employment after Ms. Mercado complained that Plaintiff engaged in sexual harassment. Consequently, the alleged retaliatory adverse employment action about which Plaintiff complains—*i.e.*, the termination of his employment—occurred *before* he engaged in any protected activity. Plaintiff's Title VII retaliation claim thus fails as matter of law and must be dismissed. *See, e.g., Grant v. County of Erie*, 542 Fed. Appx. 21, 24 (2d Cir. 2013) (affirming dismissal of Title VII retaliation claim on 12(b)(6) motion; "On the facts pleaded, [plaintiff] failed to demonstrate that she had engaged in a protected activity that then subjected her to retaliation. … Her adverse job action had already taken place months before she filed the discrimination charge with the EEOC."); *Ochei*, 2013 U.S. Dist. LEXIS 71498 at *12 (collecting cases; dismissing Title VII, NYSHRL and NYCHRL retaliation claims because "the alleged adverse action, Plaintiff's termination, took place *before* Plaintiff engaged in any 'protected activity'" (emphasis in original)).

Moreover, to plead a plausible Title VII retaliation claim, Plaintiff had to plead facts sufficient to raise a plausible inference that "but for" his protected activity, his employment would not have been terminated. *See Univ. of Texas Southwestern Med. Cent. v. Nassar*, 133 S. Ct. 2517, 2528 (2013). Because Plaintiff alleges he was terminated because of his age, gender and national origin, he has failed to plead the necessary "but for" causation for his retaliation claim. (*See* Point I(C)(1) *supra*).

**POINT III     THE COMPLAINT FAILS TO PLEAD A PLAUSIBLE CLAIM FOR BREACH OF CONTRACT**

As a final cause of action, Plaintiff attempts to assert a state common law claim for breach of contract based on an alleged "implied contract between Plaintiff and Defendant that

Plaintiff would receive a fair severance if his employment were terminated without just cause." (Comp. ¶ 101). Plaintiff's claim fails as a matter of law.

Like his other claims, the factual allegations in the Complaint fail to raise a plausible breach of implied contract claim against ArchCare. The Complaint is entirely silent as to whether any severance was offered, the value of the severance that was offered, and why the offered severance was unfair or unreasonable. Although Plaintiff generally alleges that others who were given a fair severance (*see* Comp ¶ 70), the Complaint is devoid of factual allegations to support his contention. As Judge Colleen McMahon of this court held in granting a Rule 12(b)(6) motion and dismissing a similar breach of implied contract claim:

> Likewise, Plaintiff cannot recover severance payment on an implied contract theory. ... [T]o the extent that plaintiff is alleging that the payment of severance to three former Hartford executives whom he identifies creates a course of dealing that entitles him to severance under an implied contract theory, he does not allege relevant facts that he would need to in order to support this theory. For example, he fails to identify when or how the employment of these individuals ended (only if they were not terminated for cause, as Plaintiff was, would they be similarly situated), or whether they were actively employed by Defendant when their incentive payments were made.

*Karmilowicz*, 2011 U.S. Dist. LEXIS 77481 at *30. Plaintiff's claim is similarly deficient.

The Complaint also lacks any allegation that Plaintiff relied—to his detriment or otherwise—on ArchCare's alleged practice of giving terminated employees a fair severance, or that Plaintiff did or did not take action a result of such reliance. "New York courts have routinely dismissed implied contract claims where employees have failed to show reliance." *Poklitar v. CBS, Inc.*, 652 F. Supp. 1023, 1030 (S.D.N.Y. 1987). Plaintiff's breach of implied contract claim must likewise be dismissed. *Russo v. Banc of Am. Sec., LLC*, 2007 U.S. Dist. LEXIS 47903, *14-15 (S.D.N.Y. 2007) ("Plaintiff's implied contract claim fails also because he has not proven that he relied on Defendants' purported practice of reminding employees of their

stock option rights."); *Poklitar*, 652 F. Supp. at 1030 (dismissing claim because employee policy manual provision did not give rise to a breach of implied contract claim where plaintiff employee failed to show reliance on the manual).

Moreover, in order to recover on his breach of implied contract claim, Plaintiff "must have [had] a reasonable expectancy of receiving compensation." *DeSantis v. Deutsche Bank Trust Co. Americas, Inc.*, 501 F. Supp. 2d 593, 600 (S.D.N.Y. 2007). However, where, as here, there is no allegation that ArchCare ever actually promised or otherwise guaranteed Plaintiff severance pay, any expectation that he would be paid what he deemed to be a fair severance was patently unreasonable. *Karmilowicz v. Hartford Fin. Servs. Group*, 2011 U.S. Dist. LEXIS 77481, *29-30 (S.D.N.Y. 2011) ("[N]either the Plans and Severance Policy nor any statement allegedly made by Defendant's agent guaranteed Plaintiff incentive or severance payment. Thus, it is impossible for Plaintiff to have reasonably believed he was entitled to payment of any money from Defendant, and his breach of implied contract claim must fail."), *aff'd*, 2012 U.S. App. LEXIS 18394 (2d Cir. 2012). Plaintiff's breach of contract claim must be dismissed.

## CONCLUSION

For all of the foregoing reasons, ArchCare's motion to dismiss the Complaint should be granted in its entirety and all claims asserted against ArchCare dismissed.

Dated:  Garden City, New York
        October 27, 2015

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By:_____
      Jessica C. Moller (JS0981)
      *Attorneys for ArchCare*
      1010 Franklin Avenue, Suite 200
      Garden City, New York 11530
      (516) 267-6300; jmoller@bsk.com

Of Counsel:
      Ernest R. Stolzer

130623.1 10/27/2015

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2015 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules on Electronic Service upon the following parties and participants:

>Michael D. Diedrich, Jr.
>*Attorney for Plaintiff*
>361 Route 210
>Stony Point, NY 10980

>Jessica C. Moller (JS0981)
>BOND, SCHOENECK & KING, PLLC
>*Attorneys for ArchCare*
>1010 Franklin Avenue, Suite 200
>Garden City, New York 11530
>(516) 267-6300; jmoller@bsk.com

130623.1 10/27/2015